IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MANUEL RATLIFF o/b/o JO ANN
RATLIFF (Deceased),

            Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.

Case No. 05-CV-499-FHM

## OPINION AND ORDER

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 25] and Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 26] are before the Court for decision. The motions are GRANTED.

### Motion for Relief Under Fed. R. Civ. P. 60(b)(6)

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On September 25, 2006, the Court remanded this case to the Commissioner for further administrative action. [Dkt. 23]. On September 1, 2008, the Commissioner issued a fully favorable decision awarding benefits to Plaintiff. By letter dated December 26, 2008,

a Notice of Award was provided which explained that 25% of past-due benefits, an amount of $17,178, was being withheld for payment of attorney fees. [Dkt. 25-2, p. 1].

The Court finds that the instant motion was filed within a reasonable time of the decision awarding benefits and therefore the Court will proceed to consider the merits of the motion for fees.

### Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)

On remand from this Court, the Commissioner determined that claimant, Jo Ann Ratliff, was entitled to a closed period of disability from the March 7, 2004, date of onset to the date of her death, March 3, 2006. Jo Ann Ratliff's husband, Manuel Ratliff, executed the Social Security form entitled Notice Regarding Substitution of Party Upon Death of Claimant and an Appointment of Representative form, appointing attorney Timothy White as his representative before the Social Security Administration. [Dkt. 26-2, pp. 8, 9]. Mr. Ratliff also executed an Amended Attorney Fee Agreement wherein he agreed to pay Mr. White a contingency fee consisting of 25% of the past due benefits. [Dkt. 26-2, p. 7]. The Notice of Award issued by the Commissioner was addressed to: "Manuel Rattliff o/b/o JoAnn Ratliff." [Dkt. 26-2, p. 1]. Counsel has certified that Mr. Ratliff has been advised of the fee request, and Mr. Ratliff has expressed he does not object to a fee award of up to $11,878 [Dkt. 27, Dkt. 27-1].

Counsel seeks an attorney fee award of $6,000 under the terms of the contract. Counsel reports he expended approximately 37 hours in prosecution of Plaintiff's case in the federal court. [Dkt. 26-2, p. 10].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has

remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

The undersigned concludes that the requested fee award of $6,000 which is under 9% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the attorney fee contract and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 162 per hour for 37 hours performed before the district court, which does not amount to a windfall. There was no application for fees made under the Equal Access to Justice Act (EAJA), therefore there is no occasion for a refund to occur under the terms of *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986). The fee of $6,000 is roughly the amount of out-of-pocket fees that Plaintiff would have paid had an EAJA application been filed and granted. The Court finds that Plaintiff has suffered no detriment by reason of the failure to file an application for fees under EAJA.

3

Counsel is awarded a fee of $6,000 under the terms of 42 U.S.C. § 406(b)(1) for the work he performed on this case in federal court.

### Conclusion

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 25] and Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 26] are GRANTED. Counsel is awarded a fee of $6,000 under the terms of 42 U.S.C. § 406(b)(1) for the work he performed on this case in federal court.

SO ORDERED this 11th day of May, 2009.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE